

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. O-1113
Re: Liability of Counties and Cities
for the recording stamp tax pro-
vided for in S. B. No. 24, 46th
Legislature. (Article 7047e).

This is in answer to your recent letter in which
you ask whether or not the recording stamp tax provided for
in Senate Bill No. 24, Acts 46th Legislature, Regular Session,
1939, (codified as Article 7047e in Vernon's Annotated Civil
Statutes of Texas) must be paid on instruments and obligations
taken by or on behalf of a county or a city.

Without quoting the entire Act, we will quote the
part pertinent to this question, as follows:

"Section 9. (a) Except as herein other-
wise provided there is hereby levied and as-
sessed a tax of Ten (10¢) Cents on each One
Hundred ($100.00) Dollars or fraction there-
of, over the first Two Hundred ($200.00)
Dollars, on all notes and obligations secured
by chattel mortgage, deed of trust, mechanic's
lien contract, vendor's lien, conditional
sales contract and all instruments of a simi-
lar nature which are filed or recorded in the
office of the County Clerk under the Regis-
tration Laws of this State; provided that no
tax shall be levied on instruments securing
an amount of Two Hundred ($200.00) Dollars,
or less. After the effective date of this
Act, except as hereinafter provided, no such

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

instrument shall be filed or recorded by
any County Clerk in this State until there
has been affixed to such instrument stamps
in accordance with the provisions of this
section, . . . This section shall not ap-
ply to instruments, notes, or other obli-
gations taken by or on behalf of the
United States or of the State of Texas, or
any corporate agency or instrumentality
of the United States, or of the State of
Texas in carrying out a governmental pur-
pose as expressed in any Act of the Con-
gress of the United States or of the
Legislature of the State of Texas, . . .

"(b) Payment of the tax as hereby
levied shall be evidenced by affixing the
stamps herein provided for, to all instru-
ments included within the provisions of the
Act, . . ."

The Act's own words say that it "shall not apply
to instruments, notes, or other obligations taken by or on
behalf of . . . the State of Texas . . . or any corporate
agency or instrumentality . . . of the State of Texas in car-
rying out a governmental purpose as expressed in any Act
. . . of the State of Texas."

A county comes clearly within the phrase "corporate
agency or instrumentality . . . of the State of Texas." In
11 Tex. Jur. 524, it is said:

"Counties are instrumentalities of the
state. They are political subdivisions which
are created by the sovereign will for the
purpose of discharging the state's duties
toward its inhabitants. They are agencies
for the administration of matters which are
of state — as distinguished from municipal —
concern, such as the collection of taxes,
the diffusion of education, the construction
and maintenance of public highways, the ad-
ministration of justice and the care of the
poor."

See also the cases of City of Galveston v. Posnainsky, 62 Tex. 113, 50 Am. Rep. 517; and Childress County v. State, 127 Tex. 343, 92 S. W. (2) 1011.

A city also comes within the phrase "corporate agency or instrumentality . . . of the State of Texas." In the case of City of Goose Creek v. Hunnicutt, 120 Tex. 471, 39 S. W. (2) 617, it was said:

> "The mere act of incorporating a municipality, whether such incorporation be effected under the home rule amendment (Const. art. 11, par. 5) or not, embraces nothing more than the creation of a governmental agency, which becomes invested with such powers as the law confers. It is true that legislative power to incorporate a home rule city is, by constitutional provision, delegated to the inhabitants of the territory affected; nevertheless a city so incorporated is a political subdivision of the state for governmental purposes . . . "

See also the cases of San Felipe de Austin Corporation v. State, 111 Tex. 108, 229 S. W. 845; Yett v. Cook, 115 Tex. 205, 261 S. W. 837; and Trent v. Randolph, (Civ. App.) 130 S. W. 737.

This brings us to the conclusion that the act does not apply to instruments taken by or on behalf of a county or a city "in carrying out a governmental purpose as expressed in any act . . . of the State of Texas."

A county can do only those things that are provided for by the constitution or statutes. "Counties being component parts of the State, have no powers or duties except those which are clearly set forth and defined in the constitution and statutes. The statutes have clearly defined the powers, prescribed the duties, and imposed the liabilities of the commissioners' courts, the medium through which the different counties act, and from those statutes must come all the authority vested in the counties." 11 Tex. Jur. 563. See also Mills County v. Lampasas County, 90 Tex.

603, 40 S. . . 405; and Landman v. State, 97 S. W. (2) 264. Likewise, a city can do only those things that are provided for by the constitution or statutes. "It is a general and undisputed proposition of law that a municipal corporation possesses and can exercise the following powers, and no others: first, those granted in express words; second, those necessarily or fairly implied in or incident to the powers expressly granted; third, those essential to the accomplishment of the declared objects and purposes of the corporation, — not simply convenience, but indispensable. . . . Of every municipal corporation the charter or statute by which it is created is its organic act. Neither the corporation nor its officers can do any act, or make any contract, or incur any liability, not authorized thereby, or by some legislative act applicable thereto. All acts beyond the scope of the powers granted are void." Foster v. City of Waco, 113 Tex. 39, 67 S. W. (2) 1033. See also Mantel v. State, 55 Tex. Cr. Rep. 456, 117 S. W. 855, 131 Am. St. Rep. 813; Davis v. City of Taylor, 123 Tex. 39, 67 S. W. (2) 1033; and 30 Tex. Jur. 97.

We think that the doing of an act authorized by the constitution or statutes would constitute carrying out a governmental purpose. Therefore, anything that a county or a city would do, if it was done lawfully, would be in- cluded within the phrase "in carrying out a governmental purpose as expressed in any act . . . of the State of Texas." We must presume that the acts of a county or a city, or the officers thereof, are lawful. "There is a presumption in favor of the regularity of official acts, and when a public official discharges or undertakes to discharge a duty with which he is charged by law, it will be presumed, in the ab- sence of evidence to the contrary, that he did so right- fully and in a lawful manner, and that he acted within, and not in excess of, his power and authority." 17 Tex. Jur. 278. See also Wooters v. Hall, 61 Tex. 15; and Anderson v. Parsley, 37 S. W. (2) 359.

Our answer to your question is that the recording stamp tax provided for in Article 7047e (Vernon's Annotated Civil Statutes of Texas) is not due on instruments and

Honorable Charley Lockhart, Page 5


obligations taken by or on behalf of a county or a city.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Rotsch_

Cecil C. Rotsch
Assistant

CCR:FL

APPROVED
OPINION
COMMITTEE
BY _RWZ_
CHAIRMAN


APPROVED AUG 7, 1939

_Gerald C. Mann_

ATTORNEY GENERAL OF TEXAS